IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS JOSEPH DOLATA, GP-0670,<br>    Petitioner, | )<br>)<br>) |
| v. | ) Civil Action No. 08-982 |
| GERALD ROZUM, et al.,<br>    Respondents. | )<br>)<br>) |

MEMORANDUM AND ORDER

Mitchell, M.J.:

Thomas Joseph Dolata, an inmate at the State Correctional Institution at Somerset, has presented a petition for a writ of habeas corpus. For the reasons set forth below, the petition will be dismissed and because no reasonable jurist could conclude that there is a basis for appeal, a certificate of appealability will be denied.

Thomas Joseph Dolata, has presented a petition for a writ of habeas corpus. Dolata is presently serving a six to twelve year sentence imposed following the entry of guilty pleas to charges of interference with custody of children, false imprisonment, theft by unlawful taking or disposition of movable property, theft from a motor vehicle, robbery, terroristic threats, simple assault, criminal conspiracy, possession of a controlled substance, receiving stolen property, kidnaping, immediate notice of accident, and driving while operating privileges were suspended or revoked at Nos. CC 200318426, CC 200316101, CC 200317092, CC200317093, CC200400275, CC200403187 and CC 200506339 in the Court of Common Pleas of Allegheny

County, Pennsylvania. This sentence was imposed on March 13, 2006.[1] A timely appeal was not filed.[2]

On December 19, 2007, the petitioner filed a post-conviction petition in the Court of Common Pleas.[3] On February 1, 2008, petitioner's counsel was granted until March 7, 2008 to submit an amended petition and a rule was issued upon the Commonwealth to show cause why a hearing should not be granted with said rule returnable on or before May 7, 2008.[4] On February 7, 2008, Dolata, pro se filed an amended petition.[5] On March 10, 2008, counsel for the petitioner moved for an extension of time to file an amended post-conviction petition.[6] On May 16, 2008, and again on June 2, 2008, an extension until July 15, 2008 was granted.[7] Finally, on July 15, 2008, counsel requested an additional extension of time in which to file an amended petition.[8]

The instant petition was executed on July 3, 2008, and in it Dolata contends he is entitled to relief as a result of failure of counsel to file a direct appeal when requested to do so.

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody
pursuant to the judgment of a State court shall not be granted unless it appears that

---

[1] See: Petition and answer of the Commonwealth.

[2] See: Petition at ¶ 8.

[3] See: Exhibit 16 to the answer of the Commonwealth.

[4] See: Exhibit 17 to the answer of the Commonwealth.

[5] See: Exhibit 18 to the answer of the Commonwealth.

[6] See: Exhibit 19 to the answer of the Commonwealth.

[7] See: Exhibits 20 and 21 to the answer of the Commonwealth.

[8] See: Exhibit 22 to the answer of the Commonwealth.

the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable

3

application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

The Court in Williams v. Taylor held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in Williams v. Taylor made it clear that the "contrary to" and "unreasonable application"clauses have independent meaning.

In the instant case, it is clear that at present, Dolata has a post-conviction petition pending in the Court of Common Pleas and for this reason he has not exhausted the available state court remedies.

Cases in which the court's have considered an unreasonable delay issue, have focused on delays caused by the courts and not those caused by the petitioner or his counsel In Wojtczak v. Fulcomer, 800 F.2d 353, 354 (3d Cir. 1986), the Court stated "inexcusable or inordinate delay *by the state* in processing claims for relief may render the state remedy effectively unavailable." (Emphasis added). Furthermore, in Lee v. Stickman, 357 F.3d 338, 341 (3d Cir. 2004), the Court noted considerably longer delays than the petitioner has experienced as essentially waiving the exhaustion requirements. But it bears reiteration, that the delay which Dolata has experienced is

4

in no way attributable to the state. Furthermore, it should be remembered that his post-conviction petition was filed in December 2007, or only nine months ago. Thus, there clearly is no basis upon which to allege unreasonable delay.[9]

Thus, because the petitioner has failed to exhaust the available state court remedies, and because he is clearly not being barred from pursuing them, his petition here is premature and subject to dismissal.

An appropriate Order will be entered.

---

[9] We note, without addressing the issue of whether any petition here would be time barred.

ORDER

AND NOW, this 15th day of August, 2007, for the reasons set forth in the foregoing Memorandum, the petition of Thomas Joseph Dolata for a writ of habeas corpus will be dismissed, and because there is no basis upon which reasonable jurists could disagree, a certificate of appealability will be denied.

Judgment accordingly will be entered on September 15, 2008 unless prior to that date the petitioner shows cause why it should not be entered.

s/ Robert C. Mitchell
United States Magistrate Judge